Schumaker v. Kirkpatrick

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of June, two thousand twenty.

Present:      ROSEMARY S. POOLER,
              REENA RAGGI,
              WILLIAM J. NARDINI,
                    *Circuit Judges*.

_____

DYLAN SCHUMAKER,

                    *Petitioner-Appellant*,

              v.                                        18-2227

MICHAEL KIRKPATRICK, SUPERINTENDENT,

                    *Respondent-Appellee*.


Appearing for Appellant:     Randall D. Unger, Kew Gardens, N.Y.

Appearing for Appellee:      David A. Heraty, Assistant District Attorney (Donna A. Milling, Assistant District Attorney, *on the brief*), *for* John J. Flynn, District Attorney for Erie County, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Petitioner-Appellant Dylan Schumaker appeals from the June 29, 2018 judgment of the United States District Court for the Western District of New York (Telesca, *J.*) dismissing his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In his petition, Schumaker challenges the constitutionality of the January 10, 2014 judgment entered in the Supreme Court, State of New York, Erie County, convicting him of murder in the second degree, in violation of N.Y. Penal Code § 125.25(1), following a jury trial, and sentencing him to an indeterminate term of imprisonment of 25 years to life, which was subsequently reduced on direct appeal to the Fourth Department, Appellate Division ("Appellate Division") to 18 years to life. We later granted a certificate of appealability with respect to the two issues presented on this appeal: (1) whether Schumaker's statements to police were voluntary under the totality of the circumstances, and (2) whether the state courts decided that claim on the merits for purposes of 28 U.S.C. § 2254(d) deference. We first address the issue of deference and then turn to voluntariness.

## I.       Section 2254(d) Deference

Under 28 U.S.C. § 2254(d)(1), we apply a deferential standard of review if the state court has adjudicated petitioner's claims on the merits. *Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003). To determine whether a state court has disposed of a claim on the merits, we consider: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." *Sellan v. Kuhlman,* 261 F.3d 303, 314 (2d Cir. 2001) (internal quotation marks and citation omitted).

Neither party disputes that the Appellate Division's opinion failed to address Schumaker's voluntariness claim. The Appellate Division considered Schumaker's argument that the investigators should have elicited a second *Miranda* waiver from him, finding that argument unpreserved and substantively without merit. However, the Appellate Division never addressed Schumaker's contention that, under the totality of the circumstances and in light of his youth, his statements were involuntary. Nor did the opinion contain a catch-all statement rejecting any remaining claims as meritless. *See Jimenez v. Walker*, 458 F.3d 130, 145-46 (2d Cir. 2006).

It also does not appear that the Appellate Division was aware of any procedural ground upon which to dispose of the voluntariness claim without reaching the merits. In contrast with the *Miranda* warning issue, there was no basis to find that the voluntariness claim was unpreserved in the trial court, as it was litigated at the hearing on the motion to suppress. We recognize that "when a state court denies a claim that was squarely presented, there is a strong presumption that the denial is 'on the merits,'" *Golb v. Attorney General of the State of New York*, 870 F.3d 89, 97 (2d Cir. 2017), and that this presumption "is a strong one that may be

rebutted only in unusual circumstances," *Johnson v. Williams*, 568 U.S. 289, 302 (2013). We need not pursue the point because the voluntariness claim fails even de novo review.

## II. Voluntariness of Statements

"A determination as to the voluntariness of a confession requires an inquiry into all the circumstances surrounding the law enforcement officials' conduct to ascertain whether it overcame the accused's will to resist and brought about a confession that was not freely self-determined." *Campaneria v. Reid*, 891 F.2d 1014, 1019-20 (2d Cir. 1989) (citations omitted). In making this determination, we consider "the accused's age, his lack of education or low intelligence, the failure to give *Miranda* warnings, the length of detention, the nature of the interrogation, and any use of physical punishment." *Id.* at 1020.

Schumaker argues that the following circumstances, taken together, render his statements involuntary: (1) he was sixteen years of age at the time, with a ninth grade education; (2) he was interviewed by police while separated from his mother and without his cell phone; (3) he was tricked by repeated assurances from police who used "effective police ploys to induce a young and vulnerable suspect to confess," Appellant's Br. at 25; and (4) he was in custody for nearly seven hours, overnight.

While the Supreme Court has instructed that "special care" be taken when examining the voluntariness of juveniles' statements, *see Haley v. Ohio*, 332 U.S. 596, 599 (1948), age is just one factor we consider under the totality of circumstances analysis, *Fare v. Michael C.*, 442 U.S. 707, 725 (1979). Schumaker does not allege that he suffers from an intellectual impairment, and the evidence does not establish his age was exploited by police. *See, e.g., United States v. Preston,* 751 F.3d 1008, 1027 (9th Cir. 2014) (holding that a confession was involuntary in light of the defendant's intellectual impairment and the officers' repetitive, threatening, suggestive, and deceptive questioning).

Significantly, the circumstances surrounding Schumaker's interview do not show that the police used any intimidation, coercion, deception, or physical punishment. Schumaker was offered food, drink, and several bathroom breaks and advised of his *Miranda* rights. Schumaker himself stated that he felt well treated during the interrogation and never asked for the questioning to cease, or for an attorney. Schumaker does not allege coercive police conduct in the form of threats, promises, or raised voices. *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (holding "that coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment").

Rather, Schumaker argues that his cell phone was taken from him as a "police tactic that increased the coercive and isolated atmosphere." Appellant's Br. at 26. Further, he maintains that police practiced "the interrogation technique known as 'minimization[,]' a ploy that implies to a suspect that his commission of the offense was understandable and justifiable, and that he will be treated leniently if he confesses." *Id.* at 28. The arguments fail because the record indicates that Schumaker voluntarily gave his phone to the officers, and Schumaker's inculpatory statements were not made in response to that "minimization . . . ploy." Indeed, Schumaker

3

persisted in lying at that point. Instead, Schumaker's admission was made after officers told him, correctly, that an autopsy would reveal the victim's injuries.

Even assuming that Schumaker was in custody from the time police arrived at the crime scene and through the next eight hours, that does not indicate that his confession was involuntary. Schumaker was not physically restrained for a meaningful amount of time. When the officers initially questioned Schumaker outside his home, his mother was present. His stationhouse interrogation lasted just over four hours with breaks and, as noted, involved no threats, physical abuse, or untoward promises. In sum, the record does not demonstrate that Schumaker was "subjected to the kind of intensive interrogation over many hours or days which would overwhelm the frightened prisoner and vitiate consent." *United States v. Arango-Correa*, 851 F.2d 54, 57 (2d Cir. 1988). On these facts, we cannot conclude that law enforcement's conduct overcame Schumaker's will to resist or that his confession was not freely self-determined.

We have considered the remainder of Schumaker's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4